Ricardo Antonio **WELCH, Jr.**

v.

**UNITED STATES of America**

**No. CIV. CCB–03–2953.**

United States District Court,
D. Maryland.

May 4, 2004.

Todd M. Stenerson, Akin Gump Strauss Hauer and Feld LLP, Washington, DC, for Plaintiff.

Nadira Clarke, Office of the United States Attorney, Neil R White, Office of

need for a separate ruling as to the applicability of Rule 56(f).

the United States Attorney, Baltimore, MD, for Defendant.

## *MEMORANDUM*

BLAKE, District Judge.

Ricardo Antonio Welch, Jr. suffered a 422–day detention under an immigration statute that was unconstitutionally applied due to its failure to afford Mr. Welch a bail hearing. *See Welch v. Reno,* 101 F.Supp.2d 347 (D.Md.2000), *aff'd on other grounds, Welch v. Ashcroft,* 293 F.3d 213 (4th Cir.2002). Although the Supreme Court subsequently rejected a constitutional challenge to the statute in another case, *see Demore v. Hyung Joon Kim,* 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), Mr. Welch's litigation led to a court-ordered hearing at which an immigration judge released Mr. Welch on bail. Now Mr. Welch claims that his detention amounted to false imprisonment—a tort for which he says the United States should be liable under the Federal Tort Claims Act ("FTCA"). The government has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Mr. Welch's claim is both barred by sovereign immunity under the so-called "due care" exception of the FTCA, *see* 28 U.S.C. § 2680(a), and untimely under the FTCA's two-year statute of limitations, *id.* § 2401(b). (Docket no. 10.) The motion has been fully briefed and no oral argument is necessary. Local Rule 105.6. Because I agree with the government on the first point, I will grant the government's motion and dismiss Mr. Welch's complaint without reaching the issue of limitations.

## I.

The facts of this case have been stated in previous opinions, *see Welch v. Ashcroft,* 293 F.3d at 215–17; *Welch v. Reno,* 101 F.Supp.2d at 349–50, and need not be re-peated in detail here. Mr. Welch was born in Panama, but has lived in the United States since age ten, and served honorably in the United States Navy and Naval Reserve. In 1994, the year he left the Naval Reserve, Mr. Welch pleaded guilty to felony charges in state court in Maryland, causing the United States Department of Justice ("DOJ") to seek his deportation. Following a successful collateral challenge to the conviction in state court, the DOJ ceased efforts to enforce a removal order based on the felony charges. On April 22, 1999, however, Mr. Welch entered a new guilty plea, this time to six misdemeanor charges based on the same incident. One count was a firearms offense that afforded grounds for deportation under 8 U.S.C. § 1227(a)(2)(C), so the Board of Immigration Appeals granted a DOJ petition to reopen Mr. Welch's case. The DOJ took Mr. Welch into custody immediately following the guilty plea because Mr. Welch qualified for mandatory detention pending final resolution of his removal case under 8 U.S.C. § 1226(c). Although the state court that accepted the plea imposed a prison term of less than a year and credited Mr. Welch with time served for the entire sentence, Mr. Welch remained in the custody of the Immigration and Naturalization Service ("INS") for 422 days.

While in INS custody, Mr. Welch applied for naturalization and filed a habeas corpus petition with this court. On June 7, 2000, I ruled that § 1226(c) was unconstitutional and ordered that Mr. Welch receive a bail hearing. *See Welch v. Reno,* 101 F.Supp.2d at 353–56. On June 16, 2000, an immigration judge released Mr. Welch on $1,500 bond, the minimum bail allowable. On June 19, 2002, the Fourth Circuit affirmed my ruling, albeit on a narrower, "as applied" theory. *See Welch v. Ashcroft,* 293 F.3d at 218–28. The gov-

ernment did not seek certiorari.[1] In the meantime, an immigration judge had terminated Mr. Welch's reopened deportation case based on the likely success of his naturalization application and the presence of "exceptionally appealing humanitarian factors." The Board of Immigration Appeals reversed that ruling, but on July 15, 2002, the immigration judge granted a petition by Mr. Welch to cancel his removal proceedings. The government did not appeal, effectively removing the threat of deportation.

The current litigation began with a petition to the INS on June 4, 2002[2] asserting a tort claim of false imprisonment. The Bureaus of Immigration and Customs Enforcement and Citizenship and Immigration Services (two successors to the INS) denied Mr. Welch's claim on April 23, 2003, and Mr. Welch commenced this lawsuit on October 15, 2003.

## II.

 The government seeks dismissal of Mr. Welch's complaint on grounds that the United States has not waived its sovereign immunity with respect to Mr. Welch's claim. While the FTCA effects a waiver of sovereign immunity, the waiver is subject to strict limitations, and those limitations are considered jurisdictional. *See Medina v. United States*, 259 F.3d 220, 223–24 (4th Cir.2001). Mr. Welch, therefore, "bears the burden of persuasion and must establish an unequivocal waiver of immunity with respect to his claim." *Lumpkins v. United States*, 187 F.Supp.2d 535, 538

(D.Md.2002). As the government notes, Mr. Welch cannot meet this burden because his claim falls within an exception to the FTCA's general waiver of tort immunity.

 Under the FTCA, sovereign immunity remains in effect with respect to "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid." 28 U.S.C. § 2680(a). The point of this so-called "due care" exception is "to preclude testing the legality of a statute or regulation by a tort action." *See Stewart v. United States*, 486 F.Supp. 178, 181 (C.D.Ill.1980); *see also* H.R.Rep. No. 101–1015, at 134–36 (1991) ("Nor is it desirable or intended that the constitutionality of legislation or the legality of a rule or regulation should be tested through the medium of a damage suit for tort." (quoting H.R.Rep. No. 2245, 77th Cong., 2d Sess., at 10 (1942))). Simply put, tort plaintiffs may challenge the manner in which government officers implement federal laws; they may not challenge the laws themselves. *See, e.g., Stewart*, 486 F.Supp. at 182 (concluding the due care exception was not applicable because the suit challenged the "manner in which the sale [of asbestos] was made, i.e. without warnings," rather than the "validity" of the statute authorizing the sale); *Crumpton v. United States*, 843 F.Supp. 751, 756–57 (D.D.C.1994) ("The 'due care' exception applies where the allegedly tortious conduct is comprised of a government employ-

---

**1.** As I noted earlier, the Supreme Court subsequently accepted a case challenging the constitutionality of § 1226(c) and held that mandatory detention of deportable criminal aliens pending their removal proceedings is constitutionally permissible. *See Demore*, 538 U.S. at 526–33, 123 S.Ct. at 1720–22. The Fourth Circuit's decision, however, remains

the final authoritative ruling with respect to Mr. Welch's habeas petition.

**2.** The parties dispute whether the INS received Mr. Welch's filing on June 4, 2002 or June 5, 2002, but the dispute is of no importance to the issues under consideration. For the sake of argument, I assume the earlier date.

ee's act or omission occurring in the course of executing statutory or regulatory provisions, where 'due care' has been exercised by the employee."); *Hydrogen Tech. Corp. v. United States*, 831 F.2d 1155, 1160–64 (1st Cir.1987) (applying the due care exception to claims based on the FBI's conduct of an investigation due to a lack of evidence of negligence).

The FTCA bars Mr. Welch's claim in this case because his claim, in effect, challenges the validity of a statute, not the manner of its execution. A hypothetical by Judge Ackerman of the Central District of Illinois illustrates this point:

> ⸱ For example, if a statute provided that a postal inspector must open all mail with foreign postmarks, a person could not bring an action under the FTCA when the inspector executed this statute by opening foreign mail. Although the statute could be subject to challenge on other grounds, the FTCA could not be used to attack it because of the [due care] exception under § 2680(a). However, if the inspector did not exercise due care and opened all mail, foreign and domestic, there could be liability under the FTCA.

*Stewart*, 486 F.Supp. at 182. Mr. Welch's claim resembles the first of these two examples more closely than the second. His complaint is devoid of any indication of negligence—he has not alleged, for instance, that the government improperly determined that he qualified for detention (the equivalent of opening the wrong mail in the hypothetical), or that the manner of his arrest and detention failed to conform to applicable standards of care. Mr. Welch asks the court, rather, to find that his detention—an action mandated by a federal statute—was tortious under Maryland law. This theory does not fall within the FTCA's waiver of sovereign immunity. Because a valid federal statute preempts conflicting state law, *see, e.g., Rum Creek Coal Sales, Inc. v. Caperton*, 971 F.2d 1148, 1152–53 (4th Cir.1992), imposing liability on the grounds Mr. Welch asserts would require the court to test the validity of § 1226(c)—exactly what the due care exception forbids. *See Doe v. Stephens*, 851 F.2d 1457, 1461 (D.C.Cir.1988) ("[Section] 2680(a) specifically states that the mere invalidity of a statutory or regulatory stricture relied upon by a government employee is not tantamount to the absence of due care."). It makes no difference that this court previously invalidated the statute in question: as concerns FTCA liability, government agents are entitled to rely on applicable statutes and regulations, "whether or not [they] be valid." *See* 28 U.S.C. § 2680(a).

Attempting to evade these implications of the statutory text and legislative history, Mr. Welch argues that the FTCA's reference to due care means only that the government may not incur strict liability. The due care exception, he argues, has no bearing on intentional torts such as false imprisonment. This reading is implausible. While § 2680(h) indicates that law enforcement officers may be liable for false imprisonment, the Fourth Circuit has held that § 2680(a)'s exclusions apply even to torts encompassed by § 2680(h). *See Medina*, 259 F.3d at 224–25. As for § 2680(a), it is true that the due care exception precludes liability without fault, *see Laird v. Nelms*, 406 U.S. 797, 802–03, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972); *Dalehite v. United States*, 346 U.S. 15, 44–45, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), but the statute's plain language also bars claims like Mr. Welch's based on the non-negligent execution of a federal law. Indeed, the Fourth Circuit indicated as much in *Medina*, when it observed that an INS detainee could not recover under the FTCA "if the INS officials exercised due care in the execution of their powers under

8 U.S.C. § 1226," the very statute at issue here. *See* 259 F.3d at 224. Though the court based its decision on the discretionary function exception and did not reach the due care issue, its language suggests, at a minimum, that a claim like Mr. Welch's requires some showing of negligence.

Nor do *Rhoden v. United States*, 55 F.3d 428 (9th Cir.1995), and *Caban v. United States*, 671 F.2d 1230 (2d Cir.1982), two cases cited by Mr. Welch, help his position. To begin with, these cases did not even address the due care exception. *Rhoden* considered only whether there were unresolved issues of fact in a false imprisonment claim, *see Rhoden*, 55 F.3d at 431–32, and *Caban* reversed a decision based on the discretionary function exception, *see Caban*, 671 F.2d at 1232–35. Furthermore, neither case involved a claim challenging the validity of a federal statute, as Mr. Welch's does. To the contrary, in both *Rhoden* and *Caban* the government's liability turned on whether federal officers had abided by federal standards; there was no suggestion that the agents should have disregarded those standards entirely. *See Rhoden*, 55 F.3d at 431 ("[T]he liability of the United States in the present case will be determined by whether the INS agents complied with the applicable federal standards when they detained [the plaintiff]."); *Caban*, 671 F.2d at 1235 ("It may very well be that because of the broad power given the immigration authorities, on these facts it will be very difficult for appellant to prove that a tort was committed.").

Thus, the statutory text, legislative history, and relevant case law all indicate that Mr. Welch's claim falls within the FTCA's due care exception. Because Mr. Welch has alleged nothing more than the dutiful execution of a mandatory federal statute, the FTCA makes no waiver of sovereign immunity with respect to his claim, and the Fourth Circuit's ruling that his detention was unconstitutional does not entitle him to collect damages for false imprisonment from the United States. Mr. Welch's complaint, therefore, will be dismissed.

A separate Order follows.

## ORDER

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1. the defendant's motion to dismiss (docket no. 10) is **GRANTED;**

2. the complaint (docket no. 1) is **DISMISSED** under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction;

3. copies of this Order and the accompanying Memorandum shall be sent to counsel of record; and

4. the clerk of the court shall **CLOSE** this case.